**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564

**Randall B. Bateman,** *Pro Hac Vice*
**mail@batemanip.com**
BATEMAN IP, P.C.
257 East 200 South, Suite 750
P.O. Box 1319
Salt Lake City, UT 84110
Telephone:    801- 533-0320
Facsimile:    801- 533-0323

Attorneys for Defendant AAA Production, Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **CHARLENE A. BOEHM and CPSBIORESEARCH, LLC, a North Carolina limited liability company,**<br><br>Plaintiffs,<br><br>vs.<br><br>**FUTURE TECH TODAY, INC., an Oregon corporation, JOSHUA KORN, a/k/a Joshua Parker, and AAA PRODUCTION, INC., a Utah Corporation,**<br><br>Defendants. | Case No. 6:15-cv-00277-MC<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC§ 285** |

Page 1 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

Defendant AAA Production, Inc. ("AAAP") submits this Reply in support of its motion to dismiss Plaintiffs' Complaint for failure to state a claim and failure to join an indispensable party.

## I.    AAAP'S FACTUAL BACKGROUND

In support of its Motion, AAAP provided a detailed set of facts as to the scope of Plaintiffs' patent and the conduct of Plaintiffs in the prior litigation.   Plaintiffs do not dispute the allegations, including the fact that U.S. Patent No. 7,280,874 ("the '874 patent"), is for "A method for determining therapeutic resonant frequencies of electromagnetic radiation for treating an animal or human infected with a disease caused by a pathogen . . ." (Claim 1, emphasis added).  Furthermore, practicing the invention of the '874 patent requires steps a through e:

> a)  determining a velocity of the electromagnetic radiation through the medium surrounding the genomic material; (Memorandum in Support, Exhibit C, Col. 11, lines 60-61).

> b)  determining the length of the genomic material; (*Id*. at Col. 12, line 1).

> c)  determining a first therapeutic resonant frequency to influence the genomic material in a first electromagnetic frequency range…; (*Id*. at Col. 12, lines 2-4).

> d)  programming the frequency-emitting device to emit the first, or the second resonant frequency; (*Id*. at Col. 12, lines 16-17) and

> e)  treating the animal or human with the programmed resonant frequency intended to influence said genomic material, thereby rendering a therapeutic or desirable effect in the animal or human. (Exhibit C, Col. 12, lines 18-21).

AAAP has never performed most of the elements of Plaintiff's method claims, as set forth by affidavit.  Moreover, the Complaint never alleges that AAAP has conducted any of the calculation steps required by the patent.  Rather, Plaintiffs' Complaint alleges that AAAP:

> 1) has used resonant frequencies calculated in accordance with the Boehm method;

Page 2 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

2)  has offered to sell, and has sold the GB4000 along with the calculated resonant frequencies to others; and

3) independently promoted the purchase of its GB4000 frequency generator, along with resonant frequency calculations…knowing that use of the resonant frequencies with the GB4000 would constitute infringement of the Boehm patent by others.

The problem with these allegations is that they are legally insufficient to state a claim for patent infringement.  Simple use of the resonant frequencies does not constitute infringement.[1] In order to infringe, a single entity has to determine the velocity of the radiation, determine the length of the genomic material and determine a first therapeutic resonant frequency and then apply that frequency to a person or animal.  AAAP could tape a list of the Boehm frequencies to every GB4000 frequency generator it sold without infringing because AAAP has never performed the calculations of steps (a)-(c) in the patent, and there is no allegation that AAAP or its customers ever has performed these steps.

Rather than pleading facts to allege a single entity performed all the steps of the claim, the Complaint actually alleges that the person who made the calculation step was Craig Ledwell. (Complaint, ¶ 16).  The Complaint then goes on to assert that Ledwell supplied the frequencies to Joshua Korn, who provided them to AAAP.  (Complaint ¶ ¶ 17, 18).  The Complaint finally asserts that AAAP then provided those frequencies to customers along with the GB4000. (Complaint, ¶¶ 20 and 21).  Taken as true, these allegations not only fail to make a claim for infringement of the method patent, they actually require a finding of non-infringement.

## II.    ARGUMENT

### A.    THIS COURT SHOULD DISMISS THE PATENT INFRINGEMENT CLAIMS BECAUSE AAAP IS NOT EVEN ALLEGED TO HAVE PERFORMED THE STEPS OF THE CLAIMS

---

[1]  It is instructive that throughout their brief Plaintiffs repeatedly use the passive voice whenever they refer to the calculation of the frequencies. Not once do Plaintiffs actually accuse AAAP or its customers of making those calculations.  The claims of their patent, however, require exactly that.

Page 3 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

Plaintiffs have failed to state a claim of infringement against either AAAP or its customers.  Nowhere in the Complaint do Plaintiffs allege that AAAP or its customers conduct any of the first three steps of the claims.

### 1.    Form 18 Does Not Resolve Plaintiffs Pleading Dilemma

#### a.    Plaintiffs Did Not Rely on Form 18

Plaintiffs did not choose to rely on Form 18 and therefore cannot rely on any safe harbor the form may provide.  Plaintiffs specifically allege that the first three steps of the claims were performed by Craig Ledwell, who allegedly passed the frequencies to Josh Korn, who allegedly passed the frequencies to AAAP.   (Complaint, ¶¶ 16-18).  There is no scenario under which AAAP can be held liable for patent infringement based on the facts alleged in Plaintiffs' complaint.  Plaintiffs did not simply rely on Form 18.  Rather they alleged a fact scenario under which AAAP cannot be an infringer.

The law is settled that in order for there to be infringement of a method claim, <u>a single party must perform all steps of the claimed method</u>.  *Limelight Networks, Inc. v. Akami Techs., Inc.* 572 U.S. ___ (2014), 134 S. Ct. 2111 (2014)(emphasis added).  Not only is there a lack of allegations that either AAAP or its customers performs each step of claim 1 of the '874 patent, the Complaint affirmatively alleges that the various steps in the claim are performed by <u>at least</u> three different parties – Ledwell, AAAP, and AAAP's customers.   Plaintiffs have specifically alleged a fact scenario which requires a finding of non-infringement under *Limelight.*

The Complaint contains no allegations from which the Court could reasonably infer that AAAP, a manufacturer of frequency-emitting devices, calculates the frequencies or treats an animal or human, as required by the claims. To the contrary, the Complaint specifically alleges that it was Craig Ledwell who "proceeded to calculate therapeutic resonant frequencies using the Boehm method."

Plaintiffs argue that the Court must take the allegations as being true in a motion under Rule 12(b)(6).  AAAP wholeheartedly agrees.   The Court must accept as true that Ledwell

performed the calculations to determine the Boehm frequencies, as Plaintiffs allege. The Court must accept as true that Ledwell passed the frequencies to Korn, who passed them to AAAP. Having accepted all of this as true, however, there is no longer a plausible claim against AAAP or its customers because neither one performs the first three elements of Claim 1 in the '874 patent. Rather, having accepted Plaintiffs' allegations as true makes the claim for patent infringement an implausible one that should "rightly be dismissed." *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F3d 1277, 1284 (Fed Cir 2013)("an implausible claim for patent infringement rightly should be dismissed.")

### b.    Form 18 Does Not Excuse Compliance with Fed.R.Civ.Proc. 8

A complaint is required to show that the claim is plausible on its face. *Aschcrost v. Iqbal*, 556 US 662, 663 (2009). To be plausible, the pleaded factual content must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (*citing Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 (2007). There is some disagreement in the district courts of this Circuit as to whether or not Form 18 is sufficient to save a direct patent infringement claim from a motion to dismiss on its face, or whether the pleadings standards of *Iqbal* and *Twombly* apply. Several district courts in the Ninth Circuit have held that patent infringement pleadings "must meet the pleading standard addressed in *Twombly*." *Deerpoint Group, Inc. v. Acqua Concepts, Inc.*, 2014 US Dist LEXIS 173662, 8-9 (ED Cal Dec. 16, 2014)(explaining that the "Supreme Court made clear in *Twombly* that the required application of Rule 8 was necessary to assume that expensive litigation would not occur unless the plaintiff had made a plausible case in the complaint. That reasoning is no less persuasive in a patent action. This Court finds no logical reason to exempt patent actions from the plausibility requirements that apply to all other federal complaints.").[2] Likewise, in *Videx, Inc. v. TriTeq*

---

[2] *See also Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011 US Dist LEXIS 129275 (ND Cal Nov. 7, 2011)("this Court has already determined that the Twombly/Iqbal standard applies to both direct and indirect patent infringement claims."); *Bender v. Motorola, Inc.*, 2010 US Dist LEXIS 26076 (ND Cal Feb. 26, 2010)("Plaintiff's generic descriptions of a litany of electronic

*Lock & Sec.. LLC*, 2014 US Dist LEXIS 63653 (D Or May 8, 2014), this Court was "not persuaded by plaintiff's argument that its amended complaint must meet only the bare minimum pleading requirements of Federal Rule of Civil Procedure 8 and Form 18."

> **c.    Plaintiffs Have Not Met the Standard for Form 18**

While Defendant AAAP believes it is persuasive for *Iqbal* and *Twombly* to apply to patent infringement pleadings, even if this Court finds that Form 18 controls, a pleading under Form 18 must still be "plausible" on its face. *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F3d 1277, 1284 (Fed Cir 2013)(holding that while Form 18 controls, the pleadings must still be plausible—"an implausible claim for patent infringement rightly should be dismissed.").

The Federal Circuit addressed` the problem of sufficiency of pleading a plausible patent infringement of a method patent in *Desenberg v. Google*, Inc., 392 Fed Appx 868 (Fed Cir 2010).  In *Desenberg*, the Plaintiff alleged that defendant *Google* had infringed claims of its method patent. However, Plaintiff did not allege that *Google* performed all the steps of the method claims.  And because the claims required multiple actors, Plaintiff could not plausibly allege *Google* performed all the steps. Because infringement of a method claim requires a single actor to perform all the steps, and Plaintiff did not allege *Google* performed all the steps, the Federal Circuit affirmed the district court's dismissal under Rule 12(b)(6).

Similarly, the plain language of the claims may preclude direct infringement by a manufacturer where, for example, the claims are for treating a person, and there is no indication the manufacturer treats persons. In *See Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*,

---

products are far too conclusory to pass muster under Rule 8, *Twombly* or *Iqbal*"); *Videx, Inc. v. TriTeq Lock & Sec.. LLC*, 2014 US Dist LEXIS 63653 (D Or May 8, 2014)(court was "not persuaded by plaintiff's argument that its amended complaint must meet only the bare minimum pleading requirements of Federal Rule of Civil Procedure 8 and Form 18"); *Medsquire LLC v. Spring Med. Sys.*, 2011 US Dist LEXIS 107416 (CD Cal Aug. 31, 2011)(court "agrees with those courts that apply *Iqbal* and *Twombly's* 'plausibility' standard to direct patent infringement actions").

Page 6 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

2013 US Dist LEXIS 164549, 7-8 (D Del Nov. 14, 2013), a manufacturer of knee implants could not be held liable for direct infringement for a method claim that required "performing surgery." *Id.* Plaintiffs could not assert direct infringement by a single party because there was no indication that the manufacturer performed surgery. *Id*.

### 2.      The Prior Litigation Demonstrated The Futility of Plaintiffs' Claim

Plaintiffs attempt to dismiss the findings in the North Carolina litigation by asserting that the Court granted dismissal based on a lack of jurisdiction. That is true. What Plaintiffs miss, however, is that the Court dismissed the claim because AAAP could not have committed infringement in North Carolina.  More specifically, the North Carolina court noted that AAAP could not be liable for the actions of the upstream actors because there was no basis for finding that they were acting under the control of AAAP.[3] The same reasoning applies anywhere in the country.  AAAP cannot infringe because nearly every element of the claims is performed by a third party that is not under the control of AAAP.

While paragraphs 22, 26 and 27 of Plaintiffs' Complaint make conclusory assertions of infringement, each does so on a <u>legally</u> flawed analysis of infringement.  The facts asserted by Plaintiffs do not amount to infringement as a matter of law.  While the Court must take Plaintiffs' factual assertions as true for purposes of the motion to dismiss, it need not take Plaintiffs' legal conclusions as true.  Indeed, Plaintiffs' legal conclusions contradict their factual allegations.  Contrary to the flawed legal assertions, AAAP providing the resonant frequencies to its customers cannot constitute patent infringement or induced infringement because it was Ledwell who performed the calculations.  Based on Plaintiffs' own pleadings, there is not a single entity which performs each step of the claimed method.

---

[3] The court noted:
  Plaintiffs do not allege that Defendant FTT is Defendant AAA's agent. The fact that Defendant FTT is Defendant AAA's distributor, <u>on its own, defeats Plaintiffs' argument that Defendant AAA is responsible for Defendant FTT's actions</u>.  (Memorandum in Support, Exhibit D, page 8)(emphasis added).

Page 7 –      **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

**B.    THE COURT SHOULD DISMISS THE CLAIM FOR INDUCED INFRINGEMENT BECAUSE THERE IS NO DIRECT INFRINGER**

To survive a motion to dismiss for induced infringement, a plaintiff's complaint must contain facts that show a defendant "specifically intended their customers to infringe" the patents and "knew that the customer[s'] acts constituted infringement." *In re Bill of Lading*, 681 F3d at 1339.  Compliance with Form 18 is insufficient, and the general principles of *Twombly* and *Iqbal* should be applied. *See Pecorino*, 934 F Supp. 2d at 446-47.  Therefore, for an induced infringement claim to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 US at 678; *see also Bell Atl. Corp. v. Twombly*, 550 US at 547 (2007). In making this determination, a court should assume all well-pleaded allegations in the complaint to be true "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 US at 679.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

In addition, the Supreme Court recently confirmed that that "inducement liability may arise if, but only if, [there is] . . . direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S Ct 2111, 2117, 189 L Ed 2d 52 (2014)(citation omitted).

Plaintiffs' claims for induced infringement should be dismissed because there are no factual allegations which could support a claim of direct infringement against any party. Neither AAAP nor its customers perform all steps of the method claim, and Plaintiff has not alleged that a single actor performs all steps of the method claim. While the Court must take Plaintiffs' allegations of different actors performing some steps of the method claim as true, these facts actually demonstrate that no one is directly infringing. Under *Limelight*, where there is no direct infringement, there can be no induced infringement.  Therefore, Plaintiffs' claims for induced infringement should be dismissed.

/////

/////

Page 8 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

### C.    PLAINTIFFS HAVE FAILED TO JOIN AN INDESPENSIBLE PARTY

For some reason, Plaintiffs have not named as a party the only person whom they allege to have performed the first three steps of Claim 1 of the patent.  While Plaintiffs argue that the revisions to patent law under the America Invents Act (AIA) prevent the joinder of Ledwell, this argument reveals their dilemma.  Under 35 U.S.C. § 299 a party may only be joined if any right to relief is "arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process."  Thus, it begs the question.  Was Ledwell's conduct part of the same series of transactions?   If so, he is an indispensable party, as he is the only person alleged to have performed the first three elements of Claim 1 of the patent.  If not, then Plaintiffs Complaint does not even pass the standards for Rule 11, as there is no good faith basis for asserting infringement or induced infringement against any of the Defendants where the first three steps of Claim 1 are done by an unrelated third party.

### III.    CONCLUSION

When taken as true, Plaintiffs Complaint alleges a fact scenario which preludes a finding of infringement (either direct or induced) by AAAP.  Moreover, in light of the warnings of the court in the prior litigation, Plaintiffs were aware that the Complaint lacks merit under established Supreme Court precedent and AAAP should be awarded its fees.  Furthermore, the Complaint should be dismissed for failure to add the only party alleged to have actually

/////

/////

/////

/////

/////

/////

/////

/////

Page 9 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**

performed the first three steps of Claim 1.

DATED this 30th day of April, 2015.

HARRANG LONG GARY RUDNICK P.C.

Andrea D. Coit, OSB #002640

BATEMAN IP

By:  s/ Randall B. Bateman
Randall B. Bateman, *Pro Hac Vice*

Of Attorneys for Defendant AAA Production,
Inc.

## CERTIFICATE OF SERVICE

I certify that on April 30, 2015, I served or caused to be served a true and complete copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS RULE 12(B)(6) AND 12(B)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285** on the party or parties listed below as follows:

☑ Via CM / ECF Filing

☐ Via First Class Mail, Postage Prepaid

☐ Via Email

☐ Via Personal Delivery

Megan I. Livermore
Gaydos Churnside & Balthrop, PC
440 East Broadway, Suite 300
Eugene, OR 97401
 Of Attorneys for Plaintiffs

Albert P. Allan, *Pro Hac Vice*
Allan Law Firm, PLLC
409 East Boulevard
Suite 201
Charlotte, NC 28203
 Of Attorneys for Plaintiffs

HARRANG LONG GARY RUDNICK P.C.

Andrea D. Coit, OSB #002640

BATEMAN IP

By: s/ Randall B. Bateman
    Randall B. Bateman, *Pro Hac Vice*

Of Attorneys for Defendant AAA Production, Inc.

00711251.v1

Page 11 –    **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(b)(7) AND FOR ATTORNEY FEES UNDER 35 USC § 285**