IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLENE A. BOEHM and
CPS BIORESEARCH, LLC, a North
Carolina limited liability company,

        Plaintiff,

  v.

FUTURE TECH TODAY, INC., an Oregon
Corporation, JOSHUA KORN, a/k/a
Joshua Parker, and AAA PRODUCTION,
INC., a Utah Corporation,

        Defendants.
_____

Case No. 6:15-cv-277-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Charlene Boehm ("Boehm") brings this action against the manufacturer, AAA Production, Inc. ("AAA"), and the distributor of the GB4000, a frequency generator, for infringing upon her method patent of calculating resonant frequencies and using them to treat an animal or human infected with a disease caused by a pathogen ("the Boehm method"). Boehm claims direct infringement under 35 U.S.C. § 271(a) and indirect infringement under 35 U.S.C. §

1 – OPINION AND ORDER

271(b). AAA filed a motion to dismiss Boehm's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1] *See* ECF No. 7.

On the eve of oral argument, Boehm filed an amended complaint alleging an infringement claim under 35 U.S.C. § 271(g). Because the facts as alleged in Boehm's complaint do not and cannot establish that any individual has performed each element of the Boehm method, Boehm cannot make out a claim for direct or indirect infringement. Additionally, § 271(g) cannot establish liability under any reading of the facts in the amended complaint, so AAA's motion, ECF No. 7, is GRANTED, and Boehm's complaint is dismissed with prejudice.

## BACKGROUND[2]

In August 1999, Boehm published a paper describing the methodology she created for determining therapeutic resonant frequencies for various diseases. In 2004, Craig Ledwell ("Ledwell") contacted Boehm to seek assistance with a disease outbreak in his community. Boehm provided Ledwell a relevant set of resonant frequencies for use in the disease outbreak, after which Ledwell informed Boehm that he intended to use Boehm's method to calculate resonant frequencies on his own. Boehm informed Ledwell that she had applied for a patent on her method and that he was not authorized to distribute the resonant frequencies. On October 9, 2007, the United States Patent and Trademark Office issued a patent for the Boehm method.[3]

Ledwell subsequently provided the therapeutic resonant frequencies and the Boehm method to Joshua Korn of Future Tech, a distributor of the GB4000, who in turn provided the

---

[1] AAA also moved to dismiss under 12(b)(7) for failure to join an indispensable party, but this Court need not look beyond Rule 12(b)(6) to resolve the motion.

[2] The Court takes all relevant facts in this opinion from the allegations in the complaint. By doing so, this Court does not mean to endorse the scientific validity of the alleged medical treatment being discussed. As stated during oral argument, the Court has serious concerns regarding the representations made to consumers of the product regarding the efficacy of either the treatment or the science supporting it.

[3] *See* ECF No. 1-1, "Methods for Determining Therapeutic Resonant Frequencies."

2 – OPINION AND ORDER

therapeutic resonant frequencies and the Boehm method to AAA. The GB4000 is used as part of the Boehm method. Future Tech distributes the GB4000 and provides the resonant frequencies calculated in accordance with the Boehm method. Independent of Future Tech, AAA promoted the purchase of the GB4000 and provided the resonant frequencies calculated in accordance with the Boehm method through various websites. Purchasers of the GB4000 then used the resonant frequencies provided to them by AAA and Future Tech.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id*. at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

/ / / /

/ / / /

3 – OPINION AND ORDER

**DISCUSSION**

**I. § 271(a) and § 271(b)**

"A method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akami Tech., Inc.*, 134 S. Ct. 2111, 2117 (2014). In order to be liable for induced infringement under 35 U.S.C. § 271(b), a third party must be liable for direct infringement, and a method patent is not directly infringed under § 271(a) "unless a single actor can be held responsible for the performance of all steps of the patent." *Id.* at 2119.

Boehm does not plead ultimate facts that demonstrate any individual infringed all the steps of the patent. To the contrary, Boehm specifically alleges that AAA and Future Tech provided the resonant frequencies to purchasers of the GB4000, who then treated themselves with the frequencies. Nowhere in the complaint does Boehm allege that the purchasers calculated the frequencies, and nowhere in the complaint does Boehm allege that AAA or Future Tech treated the purchasers with the GB4000. Boehm insists that her allegation that AAA directly infringed on her patent and that purchasers infringed on her patent is sufficient, but Boehm is mistaken. Whether AAA or the purchasers directly infringed her method patent is a legal conclusion, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Boehm must plead facts that would allow this Court to draw inferences that AAA, Future Tech, or the purchasers infringed on all the elements of the Boehm method. Specifically, Boehm's patent reads as follows:

> What is claimed is: **1.** A method for determining therapeutic resonant frequencies of electromagnetic radiation for treating an animal or human infected with a disease caused by a pathogen, wherein said pathogen comprises a genomic material, the genomic material being surrounded by a medium, comprising:

- providing a frequency-emitting device;
- determining a velocity of the electromagnetic radiation through the medium surrounding the genomic material;
- determining the length of the genomic material;
- determining a first therapeutic resonant frequency to influence the genomic material in a first electromagnetic frequency range, by dividing the velocity of the electromagnetic radiation through the medium surrounding the genomic material by the length of the genomic material;
- dividing or multiplying the first therapeutic resonant frequency by a factor of a power of two, to obtain a second therapeutic resonant frequency to influence said genomic material, wherein the second therapeutic resonant frequency is in an electromagnetic frequency range capable of being emitted by the frequency-emitting device;
- programming the frequency-emitting device to emit the first, or the second resonant frequency; and
- ***treating the animal or human with the programmed resonant frequency*** intended to influence said genomic material, thereby rendering a therapeutic or desirable effect in the animal or human.

ECF No. 1-1 at 8 (emphasis added).

Boehm alleges that AAA and Future Tech provided the resonant frequencies to the purchasers, therefore the purchasers could not have infringed on the elements that relate to calculating the resonant frequency. As a result, the purchasers could not have directly infringed on the Boehm method. Similarly, the purchasers are in sole control over the last element, and this Court can draw no inference from the complaint that either AAA or Future Tech treated any of the purchasers with the GB4000. Therefore neither AAA nor Future Tech directly infringed on the Boehm method. Where there is no liability for direct infringement, there can be no liability for induced infringement. *Limelight*, 134 S. Ct. at 2119.

The facts of *Limelight* are illustrative in this case. In *Limelight*, the patent in dispute claimed a method of delivering electronic data, which web site providers could then designate to be stored on the patent licensee's servers in a process known as "tagging." *Id*. at 2115. This method allowed the licensee's customers to increase the speed for Internet users who wished to

5 – OPINION AND ORDER

access the customers' websites. *Id*. The alleged infringer in *Limelight* performed several steps of the patented method, but the infringer required the customers themselves to do their own tagging. *Id*. The licensee claimed that the infringer provided instructions and technical assistance to its customers in how to tag, but neither party disputed that the infringer itself did not tag the components that would be stored on its servers. *Id*.

The Supreme Court held that although the steps taken together would infringe upon the disputed method patent, liability for direct infringement would only exist if a single defendant exercised control over the entire process. *Id*. at 2119. Because the customers did their own tagging, the alleged infringer could not be held responsible for direct or induced infringement. In this case, AAA held a web seminar and taught the customers how to use the GB4000 with the resonant frequencies, similar to how the alleged infringer in *Limelight* instructed its customers how to tag their components onto the servers. In both cases, however, the customer had ultimate control over whether to proceed with the final step of the patented method.

AAA manufactured the GB4000, which Future Tech distributed to the customers, who treated themselves with a resonant frequency that they did not calculate. According to Boehm's complaint, Ledwell is the only one who actually calculated the resonant frequencies using the Boehm method, and even he would not be liable for direct infringement because he never treated any of the customers with the GB4000. Boehm has not pled any facts that would allow this Court to infer that any of the named defendants used the Boehm method to calculate the resonant frequencies and then treated the customers with the GB4000. Nor has Boehm pled any facts that would allow this Court to infer that any of the customers used the Boehm method to calculate their respective resonant frequencies. To the contrary, Boehm has pled that the customers

received the frequencies from the named defendants, and then treated themselves with the GB4000.

As such, Boehm has failed to state a claim for direct or induced method patent infringement, and I conclude that "the pleading could not possibly be cured by the allegation of other facts." *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Therefore, Boehm's claims under § 271(a) and § 271(b) are dismissed with prejudice.[4]

## II. § 271(g)

Boehm also amended her complaint on the eve of oral argument to assert a claim under § 271(g), which provides liability for anyone who sells or uses within the United States "a product which is made by a process patented in the United States[.]" The United States Court of Appeals for the Federal Circuit explained the standard for infringement under § 271(g) in unmistakable terms:

> We, therefore, hold that in order for a product to have been "made by a process patented in the United States" it must have been a physical article that was "manufactured"[.]

*Bayer AG v. Housey Pharm., Inc.*, 340 F.3d 1367, 1377 (2003).

After *Bayer*, the Federal Circuit reiterated that the standard for infringement under § 271(g) was stricter than the basic standard for a patentable invention under § 101:

> Although section 101 extends to any process that applies an equation to a new and useful end, section 271(g) does not cover every patented process and its purported result[.] . . . The requirement that a process transform data and produce a "tangible result" was a standard devised to prevent patenting of mathematical abstractions. We rejected this "tangible result" test for section

---

[4] Defendant AAA requested attorney fees under 35 U.S.C. § 285, but this is not an exceptional case. The District Court for the Western District of North Carolina dismissed the previous complaint for lack of personal jurisdiction. Boehm was free to file her complaint in the proper venue and have a court decide the case on the merits. Although I ultimately have concluded the complaint is meritless, the complaint was not so egregious as to fall under the scope of 35 U.S.C. § 285.

7 – OPINION AND ORDER

> 271(g) in *Bayer* when we held that research data—a "tangible result" for section 101 purposes—did not garner the protection of section 271(g).

*NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1324 (2005) (internal citations and quotations omitted).

The Boehm method does not manufacture any physical articles or produce a tangible product. The Boehm method is a means of calculating resonant frequencies and treating an animal or a human with that frequency. When asked at oral argument what the product was that the Boehm method produces, Boehm answered that the frequencies are the product. This explanation fails for several reasons. First, frequencies are not physical products. Second, the frequencies are just one of several elements of the Boehm method. To complete the Boehm method, one must calculate the resonant frequencies and then treat the animal or human subject with those frequencies using a frequency-emitting device. If the Boehm method is a process that uses various elements to create a physical product, one subset of those elements cannot possibly also be the final product itself.

During oral argument, Boehm pointed this Court to a district court opinion in the Ninth Circuit to support her claim under § 271(g). *See CNET Networks, Inc. v. Etilize, Inc.*, 528 F. Supp. 2d 985 (2007). In *CNET*, the disputed patented method resulted in an electronic catalog, which the court concluded was no different than a physical catalog made of ink and paper, and that catalog could then be bought or sold. *Id.* at 995. However, the *CNET* court's analysis directly refutes Boehm's claim under § 271(g).

First, the *CNET* court echoed the *Bayer* court's holding that information generated by a method patent is not a product under § 271(g). *Id.* at 992. In this case, AAA sells the GB4000, which the Boehm method does not produce, and AAA allegedly provides resonant frequency

8 – OPINION AND ORDER

calculations to its customers, which is a subset of the Boehm method and not a product the Boehm method produces. Even if AAA calculated the resonant frequencies using the Boehm method, which the complaint does not even allege, the *CNET* and *Bayer* courts recognized that information generated by a method patent is not a product under § 271(g).

Second, the *CNET* court observed, "When passing section 271(g) Congress was concerned about patented processes whose commercial value is derived from the sale of the resulting product." *Id*. at 995. AAA sells the GB4000. The resulting product of the Boehm method is not the GB4000. Even if AAA sells the resonant frequencies as calculated using the Boehm method, the resonant frequencies are not the resulting product of the Boehm method. The resulting product of the Boehm method, as far as this Court can tell, is some fantastical cure for any and all pathogen-related ailments. No evidence of the resulting product of the Boehm method, as established by peer reviewed medical literature or even a shred of scientific support, was ever presented to this Court. I do not expect any such evidence to be forthcoming.

## CONCLUSION

For the above reasons, Defendants' motion to dismiss, ECF No. 7, is GRANTED, and Boehm's complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of May, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge